IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GABRIEL GONZALEZ                                                          PETITIONER
Reg. #30515-112

V.                          No. 2:24-cv-00156-JM-ERE

C. GARRETT, Warden,
FCI-Forrest City                                                          RESPONDENT

## ORDER

Gabriel Gonzalez, who is currently incarcerated in the Federal Correction Institution in Forrest City, Arkansas, has filed a petition for habeas corpus under 28 U.S.C. § 2241. Mr. Gonzalez names as Respondent C. Garrett, the Warden of FCI Forrest City. His petition is unaccompanied by the filing fee or an application to proceed *in forma pauperis.*

Mr. Gonzalez's petition takes issue with the prison's mail policies and seeks injunctive relief.

In this context, the Court might have jurisdiction to entertain Mr. Gonzalez's § 2241 habeas challenge to the execution of his sentence, rather than his conviction or the length of the sentence. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (holding that a federal inmate's claim "attacking the execution of [his] sentence should be brought in a § 2241 petition in the jurisdiction of incarceration"). But Mr.

Gonzalez is not challenging the execution of his sentence.[1] Instead, he seeks injunctive relief for alleged constitutional violations, the type of action normally cognizable under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of constitutional rights by a state actor.

The Eighth Circuit has advised that the preferred practice in this situation is to obtain consent from a *pro se* litigant before converting an asserted habeas action to a civil rights action. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Accordingly, the Court will allow Mr. Gonzalez an opportunity to file an amended complaint alleging claims under 42 U.S.C. § 1983 within thirty (30) days from the entry of this order, accompanied by either a completed application to proceed *in forma pauperis* or payment for the $405 filing fee.[2] His failure to do so may result in the dismissal without prejudice of this action.

---

[1] The following are examples of claims properly filed under § 2241 to challenge the execution of a federal sentence. See, e.g., *Barber v. Thomas*, 560 U.S. 474 (2010) (federal prisoners filed § 2241 habeas petitions challenging the Bureau of Prisons' method for calculating good time credit); *Lopez v. Davis*, 531 U.S. 230 (2001) (§ 2241 habeas claim on federal prison regulation implementing federal statute authorizing Federal Bureau of Prisons to reduce by up to one year the prison term of certain federal prison inmates convicted of a nonviolent felony); *Reno v. Koray*, 515 U.S. 50 (1995) (§ 2241 claim that under 18 U.S.C. § 3585(b) inmate was entitled to credit against sentence for time spent at treatment center).

[2] Every civil case filed by a prisoner requires the plaintiff to pay a filing fee. 28 U.S.C. § 1915. A $405 filing and administrative fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If the plaintiff cannot afford to pay the filing fee in a lump sum, he or she may file a motion to proceed *in forma pauperis* ("IFP"). If the plaintiff is granted IFP status, the filing fee is $350, which will be collected in installments from the plaintiff's institutional account. Importantly, even the lawsuit is later dismissed, the Court will continue to collect the filing fee until it has received the full amount of $350 from the plaintiff's institutional account.

IT IS THEREFORE ORDERED that:

1. If Mr. Gonzalez wishes to convert the habeas action into an action judge 42 U.S.C. § 1983, he must **on or before Friday, September 20, 2024**: (1) file an amended complaint alleging claims pursuant to 42 U.S.C. § 1983, and (2) either pay the $405 filing fee in full or file a completed application to proceed *in forma pauperis*, including a completed certificate of prisoner accounts.[3] If Mr. Gonzalez does not timely and fully comply with this order, the Court may dismiss this action without prejudice.

2. The Clerk of the Court is directed to send Mr. Gonzalez an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240).

3. Service is not appropriate at this time.

Dated 23 August 2024

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Certificate must be signed by an authorized officer at the incarcerating facility.